## VAN EPPS *vs.* McGILL.

Defendant owed R. and R. owed plaintiff $328·88, and defendant promised verbally to pay that sum to plaintiff. *Held*, void, both by the statute of frauds and for want of consideration.

If the two original debts had been discharged, and the promise had been made upon that consideration, it would then have been an original undertaking, and a written promise would not be necessary. *Per* BRONSON, J. ·

MOTION by the defendant to set aside a report of referees, finding $881·25, in favor of the plaintiff. The facts are stated in the opinion of the court.

*J. Edwards,* for the defendant.

*W. A. Young,* for the plaintiff.

*By the Court,* BRONSON, J.   The defendant owed De Rose and De Rose owed the plaintiff $328.88. The defendant promised verbally to pay that sum to the plaintiff; and the referees have charged him with it in making their report. The promise was void for the want of consideration. The plaintiff did not discharge De Rose, nor did De Rose discharge the defendant. The two debts remained just as they were before the promise was made. There was neither damage to the plaintiff, nor benefit to the defendant. The promise is also within the statute of frauds, and void for not being in writing. It is a promise to answer for the debt of a third person. Such a promise must not only be upon a good consideration, but it must be in writing; and here there was neither. If the two original debts had been discharged, and the promise had been made upon that consideration, it would then have been an original undertaking, and a writing would not be necessary. But the original debts still remained : the plaintiff relinquished nothing, and the defendant acquired nothing. It was therefore a collateral undertaking for the debt or default of another ; and void, both by the statute of frauds, and for the want of consideration.

The debt of De Rose with the interest allowed upon it, amounts to $397.88 ; and the report must be set aside unless the plaintiff deducts that sum.

Ordered accordingly.